IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10647
_____


UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

                          versus

RAYMOND HARRY NORRIS, also
known as Raymond Norris,

                                          Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas, Lubbock
(5:94-CR-32-9)
_____
April 30, 1998

Before WISDOM, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     After a careful study of the briefs and consideration of the
oral arguments presented to the court, we affirm.  Even if Mr.
Norris was stopped without reasonable suspicion, the alleged Fourth
Amendment violation does not mandate suppression of either the
seized cocaine or the confession.  With respect to the cocaine, it
is well established that "voluntary consent can validate a search

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

even when the consent is preceded by a Fourth Amendment violation." United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir.), cert. denied, 508 U.S. 944 (1993). Similarly, a confession following a Fourth Amendment violation may be admissible if given voluntarily and in the absence of other, aggravating, factors. See, e.g., Rawlings v. Kentucky, 448 U.S. 98, 107-110 (1980).

With respect to both Norris's consent to search and confession of guilt, the government is required to prove the voluntariness of the consent by a preponderance of the evidence. See United States v. Hurtado, 905 F.2d 74, 76 (5th Cir. 1990) (en banc). The district court's finding of voluntariness must be sustained unless clearly erroneous. See Kelley, 981 F.2d at 1470 (consent to search); United States v. Doucette, 979 F.2d 1042, 1045 (5th Cir. 1992) (confession). If, as here, the district court's finding of voluntariness is based on oral testimony at a suppression hearing, "'the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses.'" Kelley, 981 F.2d at 1470 (citing United States v. Sutton, 850 F.2d 1083, 1086 (5th Cir. 1988)).

The voluntariness of Norris's consent to the search and the absence of evidence suggesting that the police engaged in coercive tactics are sufficient to overcome the assumed Fourth Amendment violation. See Kelley, 981 F.2d at 1471-72; United States v.

Sheppard, 901 F.2d 1230, 1234-36 (5th Cir. 1990). Although Norris did not receive Miranda-like warnings prior to the search, such warnings are unnecessary to establish the voluntariness of consent. See Sheppard, 901 F.2d at 1234-36 (holding that defendant's was voluntary even though he was not informed of his right to refuse consent); United States v. Gonzalez-Basulto, 898 F.2d 1011, 1012 (5th cir. 1990) (same). In any event, here, the officers testified that they asked Norris three separate times whether it was still permissible to continue their search--the functional equivalent of informing Norris of his right to refuse consent. Each time, Norris approved. He has offered no evidence contradicting the officers' testimony in this respect or otherwise suggesting that his consent was involuntary.

Nor does it matter that Norris may have consented to the search because he believed discovery of the cocaine was inevitable and discovery under such circumstances would be more incriminating. "[T]he question is not whether [the defendant] acted in her ultimate self-interest, but whether she acted voluntarily." United States v. Mendenhall, 446 U.S. 544, 559 (1980). As we explained in United States v. Gonzalez, 842 F.2d 748 (5th Cir. 1988), "consent by suspects with knowledge that incriminating evidence will be discovered during a search would never be truly voluntary if self-interest were the primary focus of the voluntariness inquiry." Id.

3

at 755 n.3.  Again, Norris has not demonstrated that his consent to search was in any way involuntary, and therefore, the district court's refusal to suppress the seized cocaine was not clear error.

As for the confession, this case is similar to <u>Rawlings v. Kentucky</u>, <u>supra</u>.  In upholding the admissibility of a confession obtained following a Fourth Amendment violation, the Supreme Court focused on five factors: (1) the fact that the defendant received <u>Miranda</u> warnings immediately prior to giving his confession, (2) the absence of coercive tactics by the police, (3) the spontaneity of the defendant's confession, (4) the alleged Fourth Amendment violation presented a close issue, and (5) the defendant never adduced evidence that his confession was involuntary.  <u>See</u> 448 U.S. at 107-110.  At least four of these factors is present in this case.  Norris received oral and explained written <u>Miranda</u> warnings (which he signed) immediately prior to giving his confession. Norris has adduced no evidence that the police engaged in coercive tactics or that his confession was involuntary.  Finally, whether stopping Norris was supported by reasonable suspicion in this case presents a close issue.  For these reasons, the district court did not clearly err in refusing to suppress Norris's confession.

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.